UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

JAIRO ESTEBAN SANCHEZ CORSO,

    Plaintiff,

vs.

WORLD RAINBOW PAINTING, LLC,
a Florida Limited Liability Company, and
DOMENICK V. TORESCO, individually,
BELL PAINTING, INC.
a Florida Profit Corporation
JOHN B. WALDO, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JAIRO ESTEBAN SANCHEZ CORSO ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendants, WORLD RAINBOW PAINTING, LLC, DOMENICK V. TORESCO, BELL PAINTING, INC., and JOHN B. WALDO, individually, ("Defendant(s)"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and wrongful, retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of PALM BEACH County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, WORLD RAINBOW PAINTING, LLC, is a Florida Limited Liability Company having its main place of business in PALM BEACH County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, DOMENICK V. TORESCO, is a managing member of, and exercised operational control over the activities of, corporate Defendant, WORLD RAINBOW PAINTING, LLC.

6. Defendant, BELL PAINTING, INC., is a Florida Profit Corporation having its main place of business in PALM BEACH County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

7. Defendant, JOHN B. WALDO, is a corporate defendant, and exercised operational control over the activities of, corporate defendant, BELL PAINTING, INC.

8. At all relevant times, there was a joint employer relationship between WORLD RAINBOW PAINTING, LLC and BELL PAINTING, INC.

9. Defendant, BELL PAINTING, INC. at all relevant times, served as general contractor of WORLD RAINBOW PAINTING, LLC, and exercised financial and operational control over the work of subcontractor, WORLD RAINBOW PAINTING, LLC.

10. Venue is proper in PALM BEACH County because all of the actions that form the basis of this Complaint occurred within PALM BEACH County and payment was due in PALM BEACH County.

11. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

12. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff performed work for Defendants as a non-exempt employee from January of 2016 to March 15, 2016.

14. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

15. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

16. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

17. Throughout Plaintiff's employment, Plaintiff regularly and repeatedly complained and/or objected to the Defendants' failure to properly pay overtime wages.

18. On or about February 11, 2016, Plaintiff injured his back while performing work duties for Defendants.

19. Plaintiff requested that Defendants authorize Plaintiff's medical treatment for said injury.

20. Defendants both denied Plaintiff's request for medical treatment.

21. Defendant, Rodrigo, who served as Plaintiff's supervisor at World Rainbow Painting, LLC, told Plaintiff that Plaintiff was causing a problem at the company by requesting medical attention.

22. On or about February 11, 2016, Rodrigo stated that he did not want Plaintiff working with the Defendants anymore.

23. In March of 2016, Defendants terminated Plaintiff in retaliation for engaging in the protected activities described above.

## COUNT I
### *Breach of Agreement Against WORLD RAINBOW PAINTING, LLC*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

25. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

26. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit Against WORLD RAINBOW PAINTING, LLC*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

28. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

29. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

30. Defendant accepted Plaintiff's services to Defendant.

31. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

32. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against WORLD RAINBOW PAINTING, LLC*

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

34. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

35. Defendant has knowledge of the services performed and provided by Plaintiff.

36. Defendant voluntarily accepted the services performed and provided by Plaintiff.

37. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

38. Plaintiff seeks damages for the value of the work performed to Defendant.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT IV
*Wage & Hour Federal Statutory Violation Against*
*WORLD RAINBOW PAINTING, LLC*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

40. This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

41. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

42. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

43. Upon information and belief, the annual gross revenue for Defendants was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

44. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

45. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

46. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

47. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

48. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
*Wage & Hour Federal Statutory Violation Against DOMENICK V. TORESCO*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

50. At the times mentioned, Defendant was, and is now, a managing member of corporate Defendant, WORLD RAINBOW PAINTING, LLC.

51. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

52. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

53. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
*FLSA Retaliation Violation Against WORLD RAINBOW PAINTING, LLC*

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

55. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

56. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

57. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

58. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
*Breach of Agreement Against BELL PAINTING, INC.*

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

60. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly

paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

61. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT VIII
### *Quantum Meruit Against BELL PAINTING, INC.*

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

63. Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

64. Defendant has knowledge of the services performed and provided and the benefit provided by Plaintiff.

65. Defendant accepted Plaintiff's services to Defendant.

66. Defendant retains an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

67. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IX
*Unjust Enrichment Against BELL PAINTING, INC.*

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

69. Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendant.

70. Defendant has knowledge of the services performed and provided by Plaintiff.

71. Defendant voluntarily accepted the services performed and provided by Plaintiff.

72. Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

73. Plaintiff seeks damages for the value of the work performed to Defendant.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendant, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT X
*Wage & Hour Federal Statutory Violation Against*
*BELL PAINTING, INC.*

74. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

75. This action is brought by Plaintiff to recover from Defendant unpaid overtime and minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours

above-specified at a rate not less than one and a half times the regular rate at which he is employed."

76. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

77. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

78. Upon information and belief, the annual gross revenue for Defendants was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

79. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

80. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

81. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was

        made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

82. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

83. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime and minimum wage compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XI
*Wage & Hour Federal Statutory Violation Against JOHN B. WALDO*

84. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

85. At the times mentioned, Defendant was, and is now, a corporate defendant of BELL PAINTING, INC.

86. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

87. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

88. Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

- A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;
- B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and
- C. Award Plaintiff an equal amount in double damages/liquidated damages; and
- D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and
- E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XII
*FLSA Retaliation Violation Against BELL PAINTING, INC.*

89. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

90. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

91. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

92. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

93. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

   C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

   D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

 E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

 F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT XIII
### *Retaliation Under Fla. Stat. § 440.205 against WORLD RAINBOW PAINTING, LLC*

94. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

95. After the work-related accident described above, the Plaintiff reported his injuries to the Defendant through its agents, and requested medical treatment.

96. On or about March 15, 2016, Defendant fired Plaintiff and did not allow him to recommence work for the Defendant.

97. Plaintiff's work from start date from January of 2016 and prior to his discharge was satisfactory or more than satisfactory and the apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

98. The motivating factor which caused Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.  In other words, the Plaintiff would not have been fired but for claiming worker's compensation benefits.

99. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

100. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

101. Plaintiff has been unable to find gainful employment since Plaintiff's discharge.

102. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE** Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; reinstatement and promotion; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; attorneys' fees; and for any and all other relief that this Court may deem just and proper.

## COUNT XIV
*Retaliation Under Fla. Stat. § 440.205 against BELL PAINTING, INC.*

103. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this complaint as if set out in full herein.

104. After the work-related accident described above, the Plaintiff reported his injuries to the Defendant through its agents, and requested medical treatment.

105. On or about March 15, 2016, Defendant fired Plaintiff and did not allow him to recommence work for the Defendant.

106. Plaintiff's work from start date from January of 2016 and prior to his discharge was satisfactory or more than satisfactory and the apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

107. The motivating factor which caused Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. In other words, the Plaintiff would not have been fired but for claiming worker's compensation benefits.

108. Defendant's termination of Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, Plaintiff has been damaged.

109. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and has suffered emotional distress.

110. Plaintiff has been unable to find gainful employment since Plaintiff's discharge.

111. Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE** Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages; costs; reinstatement and promotion; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; attorneys' fees; and for any and all other relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated January 16, 2017

Respectfully submitted,
/s/ Peter M. Hoogewoerd
**Peter M Hoogerwoerd, Esq.**
Florida Bar No.: 0188239
PMH@rgpattorneys.com
**Waynice A. Green, Esq.**
Florida Bar No.: 0116175
WGreen@rgpattormeys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005